In the Matter of the Compensation of
Pauline Bohnke, Claimant.

## BOHNKE,
*Petitioner,*

*v.*

## EMPLOYEE BENEFITS INSURANCE
## COMPANY et al,
*Respondents.*

(WCB Case No. 80-02336, CA A21906)

640 P2d 685

J. Rion Bourgeois, Portland, argued the cause and filed the brief for petitioner.

Emil R. Berg, Portland, argued the cause for respondents. With him on the brief was Wolf, Griffith, Bittner, Abbott & Roberts, Portland.

Before Buttler, Presiding Judge, and Warden and Warren, Judges.

WARDEN, J.

## WARDEN, J.

Claimant appeals from a determination of the Workers' Compensation Board awarding her 40 percent unscheduled permanent partial disability. The referee had found claimant to be permanently and totally disabled. Claimant seeks reinstatement of the referee's award.

Claimant was employed in a medical laboratory in 1971; she developed serum hepatitis after puncturing her hand while cleaning contaminated glass pipettes. Despite a continuous and varied course of treatment, the condition persisted, and, in 1978, it finally became evident to claimant's physicians that this was indeed a permanent condition. As a result of the prolonged liver disease, she developed an enduring depressive reaction to her physical condition, involving a cluster of symptoms, including insomnia, poor appetite, frequent crying, chronic fear and anxiety, nervousness and extreme indecisiveness. Her weight dropped from 122 to 98 pounds. She has not worked since 1971. In the period from 1975 to 1977, she was quite actively engaged in job counselling and rehabilitation. In 1976, because of her lack of stamina, she discontinued a course in licensed practical nursing at a community college after six weeks.

In October, 1979, claimant's treating physician found her "chronic persistent Type B hepatitis" to be "very mild." In November, 1979, claimant's treating psychiatrist characterized her psychological condition as involving "mild to moderate emotionally disturbed responses under ordinary stress." He testified at the hearing that further attempts at retraining would likely only worsen claimant's depression, which he felt was, at that point, unlikely to improve. On the other hand, a consulting psychiatrist, who reviewed the records and examined claimant in September, 1979, testified at the hearing that the most promising approach was one involving "occupational therapy"; he described claimant's psychological disability as mild.

The Board reversed the referee's award of permanent total disability, in part, apparently, because claimant had contributed to the failure of her rehabilitation effort by unrealistically pursuing medically-oriented careers from

which she is precluded due to her chronic hepatitis.[1] But it was not until 1978 that claimant was told by her physicians that her liver condition was permanent.

■     The issue here is the extent of claimant's loss of earning capacity due to the compensable injury, taking into account age, education, training, skills and work experience. ORS 656.214(5). The extent of permanent partial disability here, in our view, is greater than awarded by the Board. The Board mischaracterized the testimony of claimant's treating psychiatrist with respect to the extent of her disability by quoting a rating of 10 to 45 percent "disability." (See n 1, *supra.*) That range of figures, in fact, refers to the American Medical Association's guide to evaluation of permanent *impairment* with respect to claimant's psychological condition. Impairment is not equivalent to loss of earning capacity. This claimant was 50 years old at the time of the hearing. Her principal employment throughout her working life and her chief marketable skill was in nursing as a nurse's aide. There is no serious dispute that claimant is now effectively foreclosed from any medically-related occupation by virtue of her liver condition alone, and her psychological condition seriously limits retraining for employment in another field. Claimant has, however, had two years of college education.

■     In our view, the medical evidence, indicating a mild physical disease and mild to moderate emotional problems, does not establish permanent total disability; nor are we persuaded that this claimant is in the so-called odd lot

---

[1] The Board's order recited, in relevant part:

"The fact claimant experienced a protracted illness and slow recovery resulting in her claim remaining open for eight years cannot negate the fact the medical evidence indicates a good recovery. Dr. Parvaresh rated the psychological disability mild. Dr. Wolgamott, her treating psychiatrist, rated it between 10-45%. The psychological disability, taken alone, is not sufficient to preclude claimant from gainful and suitable employment. The claimant must show motivation to return to work, ORS 656.206(3), and in our opinion she is obligated to approach the vocational rehabilitation effort with some semblance of realism. Her attitude regarding vocational rehabilitation has been one of insisting on pursuing training in jobs from which she is likely forever precluded because of her serum hepatitis. This problem is in part attitudinal and, to the extent that it has contributed to a failure of the vocational rehabilitation effort, it is not properly part of the calculus of claimant's disability award."

category of permanent total disability. *See Wilson v Weyerhaeuser,* 30 Or App 403, 409, 567 P2d 567 (1977). Since 1978, claimant has failed to make reasonable efforts to become employed in a non-medical job. *See* ORS 656.206(3).[2]

■      In the exercise of our independent judgment on *de novo* review, we measure the extent of unscheduled disability at 75 percent, and we reverse and remand with instructions to make that award.

---

[2] ORS 656.206(3) provides:

"The worker has the burden of proving permanent total disability status and must establish that he is willing to seek regular gainful employment and that he has made reasonable efforts to obtain such employment."